IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW D. PINNAVAIA, on behalf of Joseph C. Pinnavaia, deceased, | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civ. No. 16-742-LPS |
| THE CELOTEX ASBESTOS SETTLEMENT TRUST, | : : : : | |
| Defendant. | : | |

Matthew D. Pinnavaia, on behalf of Joseph C. Pinnavaia, deceased, Oceanside, California, Pro Se Plaintiff.

Carl N. Kunz, III, Esquire, Morris James LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

September 22, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

I.  **INTRODUCTION**

Plaintiff Matthew D. Pinnavaia on behalf of Joseph C. Pinnavaia, deceased, ("Plaintiff"), who proceeds *pro se* and has been granted leave to proceed *in forma pauperis*, commenced this action on August 22, 2016. (D.I. 2) He alleges Defendant Celotex Asbestos Settlement Trust ("Defendant") violated his deceased father's right to due process under the Fifth and Fourteenth Amendments. Pending is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, 12(b)(1). (D.I. 8) For the reasons that follow, the Court will grant the motion.

II.  **BACKGROUND**

Defendant is a settlement trust formed pursuant to the Bankruptcy Code, 11 U.S.C. §524(g), by the Celotex Corporation ("Celotex") and Carey Canada, Inc. ("Carey Canada") (its wholly-owned subsidiary), following their bankruptcy, to compensate individuals injured by their asbestos-containing building products. (*See* D.I. 10, Ex. A at ¶¶ 13-14) (order confirming plan of reorganization). Plaintiff filed a claim to the Trust based on his father's alleged exposure to asbestos products. (D.I. 2 at ¶ 5) The Trust denied the claim as time-barred under Defendant's claims resolution procedures. (*Id.* at ¶ 16) Plaintiff alleges that the statute of limitations clause is illegal and an unlawful imposition of artificial limits placed upon his father in violation of due process rights under the Fifth and Fourteenth Amendments. (*Id.* at ¶ 17) Plaintiff was authorized to initiate litigation concerning the value of his claim under the claims processing procedures adopted by the Trust. (*Id.* at ¶ 8; Ex. 3)

Defendant moves for dismissal on the grounds that: (1) it is not a governmental actor and the claim fails as a matter of law; (2) the Court lacks subject matter jurisdiction; and (3) the claim is

1

time-barred. (D.I. 9) Plaintiff opposes on the basis that his father's due process rights were violated. (D.I. 14) He did not address the other grounds for dismissal raised by Defendant.

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.

2

*Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

As an initial matter, the Court finds it appropriate to consider Defendant's exhibits attached to its motion to dismiss without converting the motion to a motion for summary judgment. Although courts generally consider only the complaint, exhibits, and matters of public record in adjudicating a motion to dismiss, an undisputedly authentic document attached to the motion which forms the basis of a plaintiff's claim may be considered without converting to a summary judgment motion. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A document forms the basis of a claim if it is "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426. The main concern with such documents is notice to the plaintiff, but this is not an issue when the plaintiff has relied upon the document in drafting the complaint. *See id.* Here, Plaintiff refers to the submitted documents in the Complaint.

"Generally, [federal and state] procedural and substantive due process rights 'protect individuals only against government action.'" *Biener v. Calio*, 361 F.3d 206, 216 (3d Cir. 2004). Here, there are no allegations that Defendant is a state actor. The Complaint alleges that Defendant was

"created pursuant to the modified joint plan of reorganization under Chapter 11 of the U.S. Bankruptcy Code . . . , through its trustees . . . , was approved by the U.S. Bankruptcy Court, therefore, the U.S. Bankruptcy Court is operating as a part of the U.S. Federal Judiciary, which is a branch of the U.S. government." (D.I. 2 at ¶ 11) These allegations, however, cannot render the Trust a "federal actor." Plaintiff does not consider the asbestos settlement trust agreement, which makes it clear that Defendant is a private actor formed by the private entities Celotex Corporation, a Delaware Corporation, and Carey Canada Inc., a Canadian corporation. *See e.g., California State Bd. of Equalization v. Sierra Summit, Inc.*, 490 U.S. 844, 849 (1989) (stating bankruptcy trustee is representative of estate of debtor and not arm of government).

Only a State or a private person whose action "may be fairly treated as that of the State itself," *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974), may be found to have deprived a person of "an interest encompassed within the Fourteenth Amendment's protection," *Fuentes v. Shevin*, 407 U.S. 67, 84 (1972)." Similarly, the Fifth Amendment's Due Process Clause "appl[ies] to and restrict[s] only the Federal Government and not private persons," and does not act against a private company. *See Public Utilities Comm'n of D.C. v. Poliak*, 343 U.S. 451, 461 (1952). Because Defendant, an asbestos settlement trust, is a private entity and through its trustees is not an arm of the government, Plaintiff has no cause of action against Defendant for a violation of the Due Process Clause, and the claim fails as a matter of law. As a consequence, dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1]Dismissal is also appropriate as the claim is time-barred under both New York law (which Plaintiff asserts applied) and California law (where Plaintiff resides). Plaintiff's father was diagnosed with asbestos related injuries in 1986, he died in 1997, and Plaintiff filed the claim on October 14, 2014. *See* N.Y. C.P.L.R. Law § 214; N.Y. C.L.S. C.P.L.R. § 214-c. (injured party has three years from date they discovered, or should have discovered, their injury to file lawsuit); N.Y. E.P.T.L. § 5-4.1 (decedent's estate has two years from death to file wrongful death claim); *Prink v. Rockefeller Center, Inc.*, 48 N.Y. 2d 309 (N.Y. 1979) ("[T]o succeed in this action, which is wholly statutory in

4

## V. CONCLUSION

Based upon the foregoing discussion, the Court will grant Defendant's motion to dismiss. Amendment is futile.

An appropriate Order will be entered.

---

nature, plaintiff must establish that it could have been maintained by decedent had he survived"). *See also* Ca. Civ. Pro. Code § 340.2 (statute of limitations for wrongful death claim is one year from death or one year from when claimant should have known defendant caused death).